The opinion of the court was delivered by
DeBlanc, I.
The grounds urged for the dismissal of this appeal, we consider as untenable; but, the conclusion to which we have come, dispenses.,us from the necessity of discussing those grounds.
D. Landry, as holder of a claim secured by mortgage, applied for and obtained an order commanding the seizure and sale of the property subject to that mortgage. His debtor, Frangois. Victor, the owner of said property appealed from the order of seizure and sale, and Lacroix became his surety on his appeal bond.
That bond is for $3000: its condition is “ that Frangois Victor shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the sale of his estate real and personal — if he be cast in the appeal: otherwise that said Lacroix shall be liable in -his place.”
Frangois Victor was east in the appeal, and the decree appealed *1042 from and affirmed by this Court was not satisfied by him, nor satisfied by the sale of his property. Has Landry an action on the bond signed by Lacroix, as the security of Yictor? Does that bond contain an obligation which' may be enforced against any one? The counsel representing appellant, the transferree of one of the legal representatives of said Lacroix, contend that his estate is not bound, because:
1. As the judgment was but an executory proceeding, and the mortgaged property has been sold, the condition of the bond has been fulfilled and the surety discharged.
2. As no writ could have been issued on the executory process and returned nulla bona, no recourse can be had against the surety.
3. There was no decision rendered on the validity of plaintiff’s claim, and the appeal did not deprive him of any right.
4. Suretyship can not exceed what may be due by the debtor, nor contracted under more onerous conditions.
This defense is certainly ingenious, but rests on technicalities,
The order of seizure and sale was issued on an act importing a confession of judgment; from the decree commanding the execution of that confessed j udgment, defendant was allowed a suspensive appeal— the appeal was not successfully-proseeuted — the writ of seizure and sale executed, and the mortgage claim partly satisfied by the sale of the mortgaged property; for the balance, plaintiff obtained a judgment against Yictor, the principal on the appeal bond; from that judgment an execution was issued, and the sheriff’s return is that he found no property of defendant upon which to levy. From the date of that return plaintiff’s right of action on the bond, has accrued.
The law does not make the distinction- contended for by appellant’s counsel, between the Suspensive appeal taken from an order of seizure and sale and any other suspensive appeals, as regards the liability of the surety on the bond. It provides “.that in all cases of appeal to the Supreme Court, or other tribunals in this State, if the judgment appealed from be affirmed, the plaintiff may — on the return of the execution, that no property has been found, obtain a decree against the surety pn the bond for the amount of the judgment, etc.”
Rev. St. of 1870, Sect 37.
C. P. 575-579.
27 A. p. 706-707.
Were we to rule otherwise, to legislate a distinction which is not in the law, which is repugnant to the letter and spirit of the law, which would defeat its object and destroy its value, no creditor would dare— thereafter — proceed by the executory process. That process, now one of the highest guaranties of the creditors, would have to be carefully avoided as an obstacle, an impediment, a danger: instead of hastening, *1043 it would invariably retard the recovery of the debt — as, in every case, the execution of a decree based on a confession of judgment, would be suspended by an appeal and obstructed by a nameless bond, by the •counterfeit of. an obligation, by a worthless document which would bind neither the principal nor the surety, neither for the debt nor for the costs.
The real complaint of defendant is that — instead of only one, two judgments have been rendered, two executions issued against the principal on the bond. The condition of the bond is not that if executions issue and any thing be seized and sold, the surety shall be released; it is, when the appellant is cast, that — unless he satisfies the judgment— his surety shall be liable. Not one of the two judgments, not one of the two executions has been satisfied, and the surety is bound for the balance due by Victor to Landry. If not, such a bond has but one effect: to suspend an impending execution: it is good against the creditor alone — never against the principal or his surety.
The district'Judge has, by a correct decree, enforced a plain, a legal obligation.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and.it is hereby affirmed with costs.
M.uiR, J. I do not concur in the opinion and decree pronounced in this case; and reserve the right to assign the grounds of my dissent. hereafter. •